IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-40827

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE TORRES,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

(B-01-CR-137-3)
May 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rene Torres pled guilty to possession with intent to distribute approximately 235 kilograms of marijuana and using and carrying a firearm in relation to a drug-trafficking offense. He appeals his conviction and sentence, arguing that they should be set aside and that he should be resentenced to a lesser sentence. He argues that the firearm charge in the indictment was defective because it failed to allege that he committed acts "in furtherance"

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his criminal activity.

The "in furtherance" clause of 18 U.S.C. § 924(c)(1)(A) applies only to the possession-of-a-firearm language contained in the statute.[1] Torres was charged in the indictment with using and carrying a firearm, and thus the omission of the "in furtherance" language did not render the indictment defective or deprive the district court of jurisdiction over the case.

Torres also argues that the discharge of the firearm is an element of a 21 U.S.C. § 924(c) offense rather than a sentencing factor that must be charged in the indictment and proved to the jury. This argument is without merit.[2]

Torres claims that even if the discharge of the firearm is treated as a sentencing factor, he is entitled to be resentenced because the record reflects that the discharge of the firearm was accidental. But discharging a firearm under §924(c)(1)(A)(iii) is not an element of the offense,[3] and the requisite mental state for a violation of § 924(c) does not extend to mere sentencing factors.

We AFFIRM Torres' conviction and sentence.

---

[1] *United States v. Ceballos-Torres*, 218 F.3d 409, 413 (5th Cir. 2000) (concluding that "possession in furtherance" encompasses every instance of "use or carrying a firearm" "during and in relation to drug trafficking").

[2] *United States v. Barton*, 257 F.3d 443, 443 (5th Cir. 2001).

[3] *United States v. DeVille*, 278 F.3d 500, 505 (5th Cir. 2002).